### GADERSON v. GADERSON et al. (No. 8430.)

(Court of Civil Appeals of Texas. Galveston. Dec. 13, 1923.)

**1. Divorce ⟨⟩12—Allegations of petition held to state insufficient grounds for divorce.**

Allegations of a husband's divorce petition that defendant did not want him, and confirmed it with her acts towards him, *held* insufficient to entitle him to a divorce.

**2. Divorce ⟨⟩83—Judgment ordering entry of divorce decree nunc pro tunc reversed, and cause dismissed.**

Where a husband and wife, soon after announcement of judgment granting the husband a divorce, notified his counsel, who was to prepare the decree for entry, of their reconciliation, and requested him not to have the decree entered, the husband died before a motion for judgment nunc pro tunc was filed, and the parties so moving had parted with all their

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

interest in property awarded the husband by the judgment announced, a judgment ordering entry of judgment nunc pro tunc will be reversed, and the cause dismissed.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Petition by Washington Branch, as temporary administrator of the estate of James Gaderson, and others, for entry of judgment nunc pro tunc in the divorce suit of Maggie Gaderson against James Gaderson. Judgment for petitioners, and contestant, Maggie Gaderson, appeals. Reversed, and cause dismissed.

Wilford H. Smith, of Houston, for appellant.

LANE, J. At some prior date to the 6th day of June, 1921, James Gaderson filed his original petition praying for a divorce from his wife, Maggie Gaderson, a better description of which we are unable to give, as it is nowhere set up or described in the record before us.

On said 6th day of June, 1921, said James Gaderson filed his first amended petition, upon which he went to trial. The allegations of said amended petition material to the issues presented by this appeal and the prayer for relief are as follows:

"(2) That the plaintiff and defendant were married on or about the —— day of September, A. D. 1910, at Galveston, Galveston county, Tex., according to the laws thereof, and lived together as husband and wife until or or about the —— day of January, A. D. 1921, when they were finally separated, the defendant stating that defendant did not want the plaintiff, and confirming it with her acts towards the plaintiff.

"(3) The plaintiff pleads paragraphs 3 and 4 of plaintiff's original petition on file herein, and further alleges that plaintiff and defendant own in community the following described land and premises; all that certain tract or parcel of land lying and being situate in the county of Galveston, state of Texas, known, designated, and described as lot No. 8 in subdivision of Fountainbleau, according to the map and plan of said subdivision of record in Book 119, pp. 517 to 519, inclusive, of the Deed Records for said county and state in the office of the county clerk of Galveston county, Tex., to which reference is here made, containing 8.9 acres of land, and improvements thereon situated, and one horse and one mule. Plaintiff says that said court may enter its order adjudging the south four acres of said land and improvements thereon to be the separate property of the defendant, free from the claim of the plaintiff or any person or persons claiming under the plaintiff, and adjudged the mule mentioned to be the property of the plaintiff likewise, and the remaining part of said land and improvements and the said horse to be the property of the plaintiff free from the claims of the defendant or any party or parties claiming under the defendant; that, upon the filing of a proper answer of agreement and acceptance of plaintiff's proposal for partition as herein stated by the defendant, no further action will be necessary to partition the said property between the parties hereto.

"Wherefore, premises considered, plaintiff prays that citation issue to the defendant to answer herein, and that, upon a final hearing hereof, plaintiff have judgment for divorce from the said defendant forever dissolving the bonds of matrimony now existing between the plaintiff and defendant, and that said community property be divided and partitioned as herein set forth, and for such other relief, special and general, as plaintiff may in law and equity be entitled to at plaintiff's costs as plaintiff will ever pray, etc.

"A. G. Perkins, Plaintiff's Attorney."

On the same day, June 6, 1921, the defendant, Maggie Gaderson, answered as follows:

"Now comes the defendant, Maggie Gaderson, in the above-entitled and numbered cause, and for answer says that the defendant hereby waives the issuance and service of citation herein, and hereby accepts service, and hereby enters appearance. The partition of the community property as suggested in plaintiff's first amended original petition is hereby agreed to. And for further answer the defendant says that said cause may be called for trial and heard and determined at any time of the present term or any subsequent term of said court as may be convenient and proper to said court. And defendant's name to be restored to Maggie Horn. Executed May 31st, A. D. 1921.

"Maggie Gaderson, Defendant.

"Witnesses: ——."

The defendant was represented in the suit by one William Shumate.

On said 6th day of June, 1921, the case was tried before the court without a jury, and judgment was for the plaintiff as prayed for. The judge entered upon his trial docket the following notation:

"6/6/21. Divorce decreed plaintiff, on grounds of cruel treatment, at plaintiff cost. Defendant's former name of Maggie Horn restored. Judgment of community estate as per decree filed. Both parties enjoined."

After said trial A. G. Perkins, attorney for plaintiff, took the papers in the cause to his office for the purpose of preparing the judgment to be entered upon the minutes of the court. In one or two days after said trial, and before said attorney had prepared said judgment, the plaintiff, Jim Gaderson, and wife, Maggie Gaderson, went to the office of Attorney Shumate and told him that they had made up and did not want a divorce. Shumate told them that he was not then their attorney, and that they should see Perkins, the plaintiff's attorney. They then went to see Perkins, and told him that they had made up and did not want a divorce. Perkins, having been so told by the plaintiff and defendant, prepared no decree, and none was entered upon the minutes of the court.

Jim Gaderson died in the early part of December, 1921, intestate, and without issue,

but left surviving him as his nearest of kin two brothers and one sister, to wit, Robert C. Gaderson, Jupiter Gaderson, and Louisa Gaderson. After the death of Jim Gaderson one Washington Branch was appointed temporary administrator of his estate; but, as there is nothing in the record to show what powers were conferred upon him, we have no information as to what they were.

On the 19th day of December, 1921, after the death of Jim Gaderson, Robert C. Gaderson, Jupiter Gaderson, and Louisa Gaderson conveyed to Leander Williams that part of the 8.9 acres of land involved in the suit of Gaderson v. Gaderson awarded to Jim Gaderson in the judgment in said suit. Each of the parties last named executed receipts to Washington Branch, on the 19th day of January, 1922, acknowledging that each of them had received from Washington Branch their several interests in the estate of Jim Gaderson, deceased. Thereafter, on the 6th day of March, 1922, after the death of Jim Gaderson, and after said conveyance of said property, Washington Branch as temporary administrator, joined by Robert C. Gaderson, Jupiter Gaderson, and Louisa Gaderson, filed their petition praying for the entry of judgment nunc pro tunc in the divorce suit of Gaderson v. Gaderson as of June 6, 1921, in conformity to the judgment rendered by the court as shown by the docket entry hereinbefore set out. On the 11th day of March, 1922, Maggie Gaderson, surviving widow of Jim Gaderson, deceased, filed her answer to the first amended original petition of Jim Gaderson, and also her answer contesting the motion of Branch and the brothers and sisters of her deceased husband, above named, and as grounds of contest she urged: (1) A general demurrer to the divorce petition filed by her husband upon the grounds that the matters and things alleged therein, if true, would not entitle him to a divorce, and therefore no judgment of divorce could have been legally rendered upon said petition either originally or nunc pro tunc; (2) that, if any judgment could have been rendered, no judgment could now be entered nunc pro tunc, (a) in that soon after judgment was announced by the court the plaintiff became reconciled, and notified counsel who was to prepare the decree for entry upon the minutes of the court of such reconciliation, and requested him not to have said decree entered; (b) that at and before the time said motion to enter judgment nunc pro tunc was filed the original plaintiff was dead, and no party to the original suit was asking for the entry of said judgment; and (c) that, as it was shown that the parties making said motion had, before said motion was made, parted with all interest they had in the subject-matter of the suit, if any such they ever had, they could not now have judgment entered nunc pro tunc.

The trial court overruled all the contentions of the defendant, Maggie Gaderson, and ordered that the judgment prayed for be entered of record as of June 6, 1921, and judgment was accordingly so entered. From the judgment so entered Maggie Gaderson has appealed, and on appeal insists that the court erred in so entering said judgment, for the reasons set out in her answer and contest.

[1, 2] We think the contentions of appellant are sustained by the pleadings and the undisputed evidence, and therefore the judgment appealed from is reversed, and, as the subject-matter of the suit, in so far as it existed between the original parties to the suit, ceased to exist upon the death of Jim Gaderson, and it is made to appear that neither Washington Branch, administrator, nor Robert C. Gaderson, Jupiter Gaderson, and Louisa Gaderson have any interest in the property involved in the original suit, the cause is now dismissed.

Reversed and dismissed.